FILED
2024 Jul-01  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW R. LEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-796-GMB |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

On June 8, 2020, Plaintiff Andrew R. Lea filed an application for a period of disability and disability insurance benefits ("DIB"). His alleged disability onset date is May 1, 2020. Lea's application for benefits was denied at the initial administrative level, as well as upon reconsideration. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 11, 2021, and denied Lea's claims on December 13, 2022. Lea requested a review of the ALJ's decision by the Appeals Council, which declined review on April 14, 2023. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of April 14, 2023.

Lea's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a

United States Magistrate Judge. Doc. 14.  Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be reversed and remanded.

## I.  STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Moreover, reversal is not

---

[1] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Lea bears the burden of proving that he is disabled and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.  RELEVANT FACTUAL BACKGROUND

Lea was born on September 29, 1982. R. 215.  His primary complaints relate to pain from a fracture of his right hip with surgical repair, anxiety disorder, adjustment disorder with depressed mood, and vision problems. R. 45.   In his disability report, Lea alleged the following medical conditions: blind or low vision, "mental shut down from severe anxiety," pain from hip surgery, and autism. R. 218. Lea graduated from high school and did not attend special education classes. R. 40, 219.  He previously worked stacking lumber, building pallets, unloading tires, and at a chicken plant. R. 41–44.

At the hearing, Lea testified about his vision problems. R. 45.  He stated that

a doctor at a clinic in Gadsden City, Alabama, told him he has pterygium[2] in his right eye. R. 45.  When asked how this condition affects his eyesight, Lea testified that he can only see silhouettes or shadows if he removes his glasses and covers his right eye. R. 45.  With his glasses on, however, he can see "okay." R. 45.  Although he has a drivers' license, Lea chooses not to drive because he "can't see too far in front . . . so what may look clear to [him], a second later, . . . hectic traffic might be coming one way and [he] wouldn't be able to see that until it was too late." R. 45–46.  With his glasses on, he can see well enough to use a mobile phone, including text messaging, but utilizes a large font. R. 46.  He can also watch television when wearing his glasses. R. 47.  Lea said he sometimes has difficulty with his peripheral vision. R. 46–47.

The record contains limited medical evidence of Lea's vision problems.  In April 2017, Lea visited the Cullman Regional Medical Center for an eye infection. R. 333–34.  The clinical report notes a "[p]rior eye injury (years ago).  [History] of fingernail polish remover spilled in eye as a child with residual scarring." R. 333. Upon a physical examination, the report states that Lea has a "scleral injury" and "pterygium medially." R. 333.  Lea also discussed this injury with his consulting psychologist, Dr. June Nichols, in October 2022. R. 405.  In the personal history

---

[2] Pterygium is a growth of fleshy tissue that may start as a pinguecula.  It can remain small or grow large enough to cover part of the cornea. *See* https://www.aao.org/eye-health/diseases/pinguecula-pterygium (last visited July 1, 2024).

section of her assessment, Dr. Nichols noted that Lea "has damage in his right eye" and that Lea reported that "[i]f [he] cover[s] [his] left eye [he] can see a silhouette, but that is all the vision [he] ha[s] in [his] right eye." R. 405.

The ALJ issued his decision on December 13, 2022. R. 20.  Under step one of the five-step evaluation process, he found that Lea has not engaged in substantial gainful activity since his alleged onset date of May 1, 2020. R. 13.  The ALJ concluded that Lea suffered from the severe impairment of generalized anxiety disorder, adjustment disorder with depressed mood, fracture of femur status post open reduction and fixation, and major depressive disorder. R. 13.  The ALJ noted that Lea's medically determinable impairments significantly limit his ability to perform basic work activities. R. 13.  But the ALJ concluded at step three of the analysis that none of Lea's impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 13–15.

Before proceeding to the fourth step, the ALJ determined that Lea had the residual functional capacity ("RFC") to perform a limited range of sedentary work. R. 15.  More specifically, the ALJ found that Lea had the following limitations with respect to light work, as defined in 20 C.F.R. § 404.1567(a):

> could frequently balance as defined in the Selected Characteristics of Occupations of the DOT; could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; could never climb ladders or scaffolds, could frequently operate foot controls with the right lower extremity; can understand and remember simple instructions and use judgment to make simple work-related decisions; can tolerate frequent

changes in a routine work setting; can tolerate frequent interaction with coworkers, supervisors and with the public.

R. 15.  At the fourth step, the ALJ considered Lea's age, education, work experience, and RFC in determining that he was not capable of performing his past relevant work as a warehouse worker, a poultry hanger, a lumber stacker, and a pallet builder. R. 19.  However, the ALJ determined that there were other jobs existing in the national economy that Lea could perform, including work as a final assembler, eye glass assembler, and a weigher. R 20.  Therefore, the ALJ concluded that Lea was not disabled within the meaning of the Social Security Act from May 1, 2020, through the date of the decision. R. 20.  Based on these findings, the ALJ denied Lea's application for benefits. R. 20.

## IV.  DISCUSSION

Lea makes three arguments in favor of remand: (1) the ALJ improperly evaluated the opinions of four medical professionals, (2) the ALJ erred in failing to include absenteeism and a visual limitation in the RFC, and (3) the Appeals Council improperly denied review. Doc. 13 at 16–38.  The court finds that the ALJ's failure to discuss Lea's vision was in error and requires remand for the ALJ to evaluate in the first instance.  Because of this determination, the court does not address Lea's remaining arguments.

The responsibility for making the RFC determination rests with the ALJ. *See* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing

level . . . , the administrative law judge . . . is responsible for assessing your residual functional capacity."). "An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite his impairments. "There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, *i.e.*, where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891–92 (11th Cir. 2013) (internal citation omitted). The ALJ must "'provide a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached'" for the court to determine that substantial evidence supports an RFC. *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *see also Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.").

Lea presented some evidence of a visual impairment. Lea listed "blind or low vision" as one of his impairments in his disability report. R. 218. And during the hearing when the ALJ initially listed his impairments as "fracture to . . . right femur, hip, and then the anxiety disorder, adjustment disorder with depressed mood," Lea

corrected the ALJ and added his visual impairment to the list. R. 45.  At that point, the ALJ questioned Lea about his vision problems and resulting limitations. R. 45–47.  In addition to Lea's testimony, there is one medical assessment supporting his assertion of vision problems. *See* R. 333–34.  The ALJ, however, did not mention Lea's vision in his decision.  For this reason, there is no evidence before the court indicating that the ALJ determined whether Lea's vision is an impairment, severe or otherwise. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (stating that "when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion") (internal quotation omitted).

Even if the ALJ erred in not indicating whether Lea's low vision is a severe impairment, the Commissioner argues that the error is harmless because the ALJ found that Lea had other severe impairments and moved to step three of the analysis. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824 (11th Cir. 2010).  But the inquiry at step three requires the ALJ to consider "every impairment alleged," singularly and in combination with other impairments. *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986); *see also Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).  The court cannot find that the ALJ did so here.

"The requirement to consider the combined effects of a claimant's impairments entails two distinct duties." *Stokes v. Astrue*, 2009 WL 2216785, at *6

(M.D. Fla. July 23, 2009). "First, the ALJ must consider all impairments and omit none." *Id*. (citation omitted) (citing *Walker*, 826 F.2d at 1001). "Second, the [ALJ] must consider the combined effect of the claimant's various impairments, even those the ALJ finds to be not severe, on . . . h[is] ability to work." *Id*. (citations omitted). "Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled." *Dorsey v. Comm'r of Soc. Sec.*, 2009 WL 691160, at *6 (M.D. Fla. Mar. 16, 2009) (citing *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Jamison v. Bowen*, 814 F.2d 585, 588–89 (11th Cir. 1987)); *see also Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) ("Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled.").

The mere existence of an impairment does not necessarily establish work-related limitations. But absent any discussion by the ALJ of Lea's vision impairment, the court cannot reach this conclusion on its own. It is not the court's role to evaluate the evidence in the first instance. Accordingly, the court cannot find that the ALJ considered Lea's medical condition as a whole and that his decision

was supported by substantial evidence. *See Durham v. Apfel*, 34 F. Supp. 2d 1373, 1381 (N.D. Ga. 1998) ("Where the ALJ fails to consider all of a claimant's impairments, his decision is not supported by substantial evidence."); *see also Laffoon v. Colvin*, 2014 WL 1117987, at *12 (N.D. Fla. Mar. 20, 2014) (remanding for consideration of several conditions where there was a "complete failure to discuss impairments that could potentially lead to additional limitations on [claimant's] assessed RFC") (footnote and citation omitted).

In short, the ALJ's opinion does not contain enough information for the court to conclude that he considered Lea's vision singularly or in combination with his other impairments. *See Stanley v. Astrue*, 386 F. App'x 918, 919–20 (11th Cir. 2010). Failure to consider each impairment singularly and in combination to determine disability "mandate[s] a reversal of the administrative finding that [the claimant] was not disabled." *Gibson*, 762 F.2d at 623. Accordingly, this case is due to be remanded for further findings and an assessment of Lea's RFC based on a consideration of all of his impairments.

## V. CONCLUSION

For these reasons, the court concludes that substantial evidence does not support the ALJ's determination that Lea is not disabled. The decision of the Commissioner is due to be reversed and remanded for further proceedings consistent with this memorandum opinion. The court will enter a separate final order.

DONE and ORDERED on July 1, 2024.

_____

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE